SAM COCKFIELD, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries allegedly suffered as the result of a fall on a sidewalk covered with ice and snow, defendant appeals from a judgment entered on the verdict of a jury in favor of plaintiff. Judgment reversed on the law, without costs, and complaint dismissed. Findings of fact implicit in the verdict are affirmed. The accident occurred on a sidewalk on Fulton Street, near Rochester Avenue, in Brooklyn, New York, on January 5, 1948, about 3:00 P.M., about nine and one-half days after the termination of a snowstorm (December 26–27, 1947), during which 25.8 inches of snow fell, and about three days after the end of a glaze and ice storm on January 2, 1948. The snowfall of December 26–27, 1947, was the heaviest within twenty-four hours in the history of the city. Northwest winds from twenty-six to forty-nine miles an hour blew almost continually from December 26th to December 30th. Temperatures were below freezing during most of the nine and one-half days from the time of the snowstorm to the time of the accident. During the hours when the temperatures were above freezing, they were below forty degrees. The proof as to the city's efforts, through the use of men and equipment, to cope with this unusually severe snowstorm was thorough and uncontradicted.

It was not until December 29th that busses and trolleys began operating again. It was not until January 4, 1948, that private and nonessential commercial driving, and train, bus, and trolley services were fully restored. Between the end of the snowfall on December 27, 1947, and the time of the accident on January 5, 1948, fifty-four summonses were served on owners in the vicinity of the accident for snow and ice on sidewalks. In our opinion, plaintiff failed to establish any actionable negligence on the part of appellant. Furthermore, under the circumstances here present, appellant may not be held liable for failure to enforce the ordinance requiring the property owner to remove the snow from the sidewalk in front of his premises. Adel, Wenzel, Schmidt and Beldock, JJ., concur; Nolan, P. J., concurs in the reversal of the judgment, but dissents from the determination that the complaint should be dismissed, and votes for a new trial, being of the opinion that a question of fact was presented as to appellant's negligence, but that under the charge of the court appellant was subjected to an unreasonable burden with respect to its duty to remove ice and snow from its sidewalks.